UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
June 01, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| Jose Mario Alvarado Hernandez, et al., § § Plaintiffs, § § versus § § Alejandro Mayorkas et al., § § Defendants. § | Civil Action H-21-2548 |

## Opinion on Dismissal

1. *Facts.*

Six illegal aliens came to the United States from El Salvador and Honduras in the 1990s. An immigration judge ordered them to be deported. They filed and received Temporary Protected Status (TPS) to remain in the United States.

The illegal aliens traveled in and out of the country with permission by filing an "advance parole" document. They also filed an adjustment of status application, Form I-485, with the United States Citizenship and Immigration Services (USCIS) to become lawful permanent residents. USCIS rejected or denied their application because it says it lacked jurisdiction to hear their claims. It said that the illegal aliens were not "arriving aliens." It said that the immigration court was the only forum that could adjudicate their application for permanent residency.

They sued the government for "arbitrarily" adjudicating their application in violation of the Administrative Procedures Act.

The government moved to dismiss their claims based on lack of jurisdiction and inadequate pleading.

2. *Jurisdiction.*

The Immigration and Nationality Act prohibits district courts from challenging, directly or indirectly, final orders of removal.[1] A district court also may not review a claim that challenges the discretion of an agency decision when it is "inextricably

---

[1] 8 U.S.C. 1252(g).

linked" to an order of removal.[2] An alien who dislikes an agency decision may appeal to the federal circuit courts through an immigration court.

The government says that only an immigration judge has jurisdiction to decide an adjustment-of-status application for an alien in removal proceedings. It says that the agency's adjudication of the application could make the removal order moot.

The illegal aliens say they are not challenging a removal order. They insist that their dispute is against the agency's refusal to accept jurisdiction over their application.

The agency administratively closed the immigrants' application based on jurisdiction. If the agency adjudicated the application favorably, removal would be unnecessary. Whether the agency grants the application is not the subject of the case. The aliens are merely asking that the Court determine that the agency has jurisdiction to review the application. They will succeed on this issue.

In a similar case, the Fifth Circuit held that a district court had jurisdiction to review whether the agency had jurisdiction to adjudicate an application for a TPS beneficiary who is awaiting removal.[3] It distinguished an order allowing adjudication versus an order reviewing a denial of adjustment status.

The Court is not reviewing the outcome of the agency's adjudication or challenging its discretionary authority. It has jurisdiction to hear the immigrants' claim because the issue that they seek to resolve is based on the agency's decision to adjudicate the application at all.

Jurisdiction is not barred.

C.   *Arriving Alien.*

Immigration Courts were created to be the exclusive reviewer assigned to assess the adjustment of status applications for an alien being deported.[4] The agency has jurisdiction to review an application if the immigrant is an "arriving alien."[5] "Arriving alien" means an immigrant who comes through a port-of-entry into the United States.

---

[2] *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012).

[3] *Duarte v. Mayorkas*, 27 F.4th 1044, 1057 (5th Cir. 2022).

[4] 8 U.S.C.. 1245.2(a)(1)

[5] 8 U.S.C. 1245.2(a)(1); 8 U.S.C. 1255(a).

The government says that the agency lacks authority to review their adjustment application because the immigrants are not "arriving aliens." It says that when they left and reentered the United States on "advance parole," they returned under the same immigration status as their departure. Because their removal proceedings remained active when they left the United States, the immigration court, it says, has jurisdiction over their adjustment of status.

The illegal aliens say that they are "arriving aliens." They say that in 2019, the agency changed the operational guidance for TPS beneficiaries who travel. They insist that this "guidance" is contrary to the agency's history of adjudicating adjustment applications for arriving parolees.

The law says that a TPS beneficiary who leaves the country with permission is admitted in "the same immigration status" as when they departed.[6] An alien who is admitted and not paroled is not an arriving alien because they have already, in effect, entered the country.

The aliens' removal proceedings were still active when they departed from the United States. The protection from deportation afforded by TPS is not eternal. As the name suggests, it is temporary. They are not "arriving aliens."

D.  Conclusion.

Because the immigrants are not "arriving aliens," USCIS lacks jurisdiction to adjudicate their application. It must be adjudicated by an immigration court.

Their claim that USCIS arbitrarily closed their application is denied.

Signed on June __1__, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[6] 8 U.S.C. 1254a(f)(3).